UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RON SCHMIDT,                                   )<br>                                                        )<br>                        Plaintiff              )<br>                                                        )<br>v.                                                     )<br>                                                        )     CIVIL ACTION NO.<br>SHAKLEE CORPORATION,             )<br>WENDY BOYD, and                        )<br>JANE AND JOHN DOE, ONE THROUGH )<br>      AN UNDETERMINED NUMBER )<br>                                                        )<br>                        Defendants        )<br>                                                        ) | |

**COMPLAINT AND**
**DEMAND FOR TRIAL BY JURY**

This Action is brought under the Copyright Act of the United States as amended, 17 U.S.C. §§ 101 et seq., to redress the infringement of a copyrighted photograph taken by a professional photographer. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1338(a) and proper venue exists against all defendants under 28 U.S.C. § 1400(a).

1. Plaintiff, RON SCHMIDT ("Schmidt"), is a professional photographer with an usual place of business at 157 Broad Street, Keyport, in the State of New Jersey.

2. Defendant, SHAKLEE CORPORATION is a Delaware corporation duly organized by law, having its corporate headquarters at 4747 Willow Road, Pleasantown, in the State of California. Defendant regularly conducts business in the Commonwealth

of Massachusetts, and at all times material hereto had and continues to have a series of sales agents and distributors with the Commonwealth.

3. Shaklee Corporation manufactures, distributes, and sells numerous products including household products, food supplements, and skin and personal care products. Shaklee sells it products through a worldwide network of thousands of distributors and sales agents.

4. Defendant, WENDY BOYD ("Boyd") is an individual residing in Osterville, Barnstable County, Massachusetts. On information and belief, Boyd has been a distributor of Shaklee Corporation products and/or services at all times material hereto.

5. On information and belief, Defendants, JANE DOE and JOHN DOE, one through an as yet undetermined number of individuals or business entities (the "Does"), either reside in and/or conduct business within the Commonwealth of Massachusetts. At all times material hereto, the Does have been distributors of Shaklee Corporation products and/or services.

## COUNT I

6. Schmidt specializes in taking photographs of dogs in unusual and often humorous situations. Schmidt regularly distributes and licenses his photographs including his canine images for use all over the world for advertising and promotional purposes as well as for use on products such as greeting cards and calendars, and in connection with services. Schmidt invests a great deal of time and money in creating and licensing his canine photographs. Schmidt's canine photographs are original and creative works.

7. Schmidt is the author of a photograph (the "Photograph") of a dog named "Stinky" who is shown with its head perched on the edge of a bathtub with a yellow rubber toy duck balanced on its head.  Schmidt owns and continues to own all rights to the Photograph including the copyright thereto.  The Photograph was registered with the U.S. Copyright Office under the title, RSCHMIDT0505, and it was given Copyright Registration Number VAu 666-163, effective May 20, 2005.  A copy of the Photograph is attached as "Exhibit A" and a copy of the Certificate of Registration is attached as "Exhibit B."  Both exhibits are incorporated into this Complaint by reference.

8. The Photograph of the dog, Stinky was licensed to Shaklee through one or more of Schmidt's photography agencies on three occasions.  Each license was for specific and time-limited non-exclusive uses.   The first license was for one-time, non-protected collateral/brochure use, North American rights only, for inside placement of up to ½ page size, with a print run of up to 100,000 copies for one year expiring on July 31, 2007.  The second license was for one-time, non-protected web use on a secondary page for two years expiring on July 31, 2008.  The third license was for one-time, non-protected collateral/brochure use, U.S. rights only, for inside placement of up to ½ page size, with a print run of up to 50,000 copies for six months expiring on October 21, 2008.  Copies of the three licensing agreements are attached as "Exhibit C' and are incorporated herein by reference.

9. Without Schmidt's permission or authority, and in violation of the licenses granted to Shaklee Corporation, Defendant has willfully reproduced, disseminated, published and used the Photograph both in the Unites States and Internationally, far more extensively than it was licensed to do so, and for periods of time long after all licensing

rights had expired. Shaklee Corporation has used the Photograph on its website, as well as in print, catalog, and promotional and advertising materials including calendars and cards, and it has distributed the Photograph world-wide, and has authorized it sales agents and distributors to use the Photograph for their own purposes and on their own websites and other social networking sites such as Facebook, Twitter, MySpace and LinkedIn.

10. As a result of the actions of Shaklee Corporation, Schmidt's copyright to the Photograph has been infringed for which Plaintiff is entitled to his damages.

### COUNT II

11. Schmidt repeats all of the allegations contained in Paragraphs 1 through 9, hereof as if all of said allegations had been restated herein in their entirety.

12. Boyd has willfully used the Photograph without Schmidt's permission or authority in one or more ways including on her LinkedIn Website and possibly elsewhere without Schmidt's permission or authority.

13. As a result of said actions, Schmidt's copyright to the Photograph has been infringed for which Plaintiff is entitled to his damages.

### COUNT III

14. Schmidt repeats all of the allegations contained in Paragraphs 1 through 9, hereof as if all of said allegations had been restated herein in their entirety.

15. Each of the Does whose identity will be determined in the future, have willfully used the Photograph without Schmidt's permission or authority in one or more ways including in print form, on their websites and on other web-based social mediums, including but not limited to Facebook, Twitter, MySpace and LinkedIn.

16. As a result of said actions, Schmidt's copyright to the Photograph has been infringed for which Plaintiff is entitled to his damages.

WHEREFORE, Plaintiff, RON SCHMIDT, demands judgment against the Defendants, SHAKLEE CORPORATION, WENDY BOYD, and JANE DOE and JOHN DOE, one through an as yet undetermined number of individuals or business entities, as follows:

    a)    That all Defendants be required to deliver up for impoundment copies of Plaintiff's Photograph of the dog, Stinky in all forms whatsoever, which are in Defendants' possession or under their control, including all copies in all versions and media including printed copies, and copies in magnetic, electronic and digital formats;

    b)    That the court order all Defendants to delete the Photograph from their computers and/or web servers;

    c)    That all Defendants be required to pay Plaintiff such actual damages as Plaintiff has sustained in consequence of Defendants infringement of Plaintiff's copyright to the Photograph and to account for all gains, profits and advantages derived by Defendants from their use and infringement of Plaintiff's copyrighted Photograph;

    d)    In lieu of Plaintiff's actual damages and Defendants' profits, that Defendants be required to pay to Plaintiff such Statutory Damages as to the Court shall appear just within the provisions of the Copyright Act in a sum not less than $750 nor more than $30,000, or if the Court finds that the infringements were

committed willfully, such statutory damages as to the Court shall appear just within the provisions of the Copyright Act in a sum up to and including $150,000;

e) That Defendants pay to Plaintiff his costs together with reasonable attorney's fees in an amount to be determined by the Court;

f) That Plaintiff have such other and further relief as is deemed to be just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY**

RON SCHMIDT,
By his attorney,

/s Andrew D. Epstein

March 29, 2010

Andrew D. Epstein, Esquire (BBO #155140)
Barker, Epstein & Loscocco
10 Winthrop Square
Boston, MA  02110
Tel: (617) 482-4900
FAX: (617) 426-5251
Photolaw@aol.com